IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SCOTT HARRISON, *et al.*, | : | |
| Plaintiff, | : | 4:15-cv-00962-MWB |
| v. | : | |
| FLINT ENERGY SERVICES, INC., | : | |
| Defendant. | : | |

## COLLECTIVE ACTION SETTLEMENT AGREEMENT

Current Plaintiffs (as defined below) and Defendant (as defined below) STIPULATE and AGREE as follows:

**1. Definitions.** The following terms have the following meanings:

**"Action"** means the above-captioned collective action lawsuit.

**"Agreement"** means this Collective Action Settlement Agreement.

**"Consent Form"** means the document attached as Exhibit B.

**"Court"** means the United States District Court for the Middle District of Pennsylvania.

**"Covered Period"** means the time period beginning on May 24, 2012 and ending on September 30, 2014.

**"Current Plaintiffs"** means Scott Harrison, Ronald Fong and Rodney Schmitzer.

**"Defendant"** means Flint Energy Services, Inc.

**"Defense Counsel"** means Fox Rothschild LLP.

**"Net Settlement Amount"** means $410,000.00 *minus* any Court-approved bonus service award *minus* any Court-approved attorney's fees and expenses.

**"Notice Approval Date"** means the date on which the Court enters an order approving the Notice and Consent Forms and permitting the Notice Packages to be mailed to Potential Opt-

In Plaintiffs.

**"Notice Form"** means the document attached as Exhibit A.

**"Notice Package"** means an envelope bearing Plaintiffs' Counsels' return address and containing a Notice Form, a Consent Form, an IRS W-4 Form, and a postage-paid return envelope addressed to Plaintiffs' Counsel.

**"Opt-In Deadline"** means 42 calendar days after the Notice Approval Date.

**"Opt-In Plaintiffs"** means those Potential Opt-In Plaintiffs who join this action by returning a timely completed and signed Consent Form in accordance with the deadlines and procedures described in the Notice Form.

**"Payout Amount"** means, for each Current Plaintiff and Potential Opt-In Plaintiff, the amount arrived at through the following formula: **[**Net Settlement Amount**]** *multiplied by* **[**(days in which the individual Current Plaintiff or Potential Opt-In Plaintiff was paid, in-whole or in-part, on a day-rate basis during the Covered Period) *divided by* (days in which all Current Plaintiffs and Potential Opt-In Plaintiffs were paid, in-whole or in-part, on a day-rate basis during the Covered Period)**]**.

**"Plaintiffs"** means the Current Plaintiffs and any Opt-In Plaintiffs.

**"Plaintiffs' Counsel"** means Winebrake & Santillo, LLC (Dresher, PA).

**"Potential Opt-In Plaintiffs"** means Travis Allen, Eldon Clinkenbeard, James Cook, Richard Feist, Nolan Killeen, Kristopher Kocmick, Rodney Malone, Marcus Montoya, William Montoya, Gary Rollins, Andrew Stevens, Matthew Stewart, and Jamin Tway.

**"Settlement"** means the terms and conditions described in this Agreement.

**"Settlement Approval Date"** means the date on which the Court enters an order approving the Settlement, pursuant to 29 U.S.C. § 216(b), as a fair, reasonable, and adequate resolution of a *bona fide* FLSA dispute.

- 3 -

2. **Maximum Settlement Amount.**  Defendant's total payment under this Settlement will not under any circumstances exceed $410,000.00, plus any employer-side payroll taxesassociated with the Payout Amounts.

3. **Condition Precedent.**  This Settlement is conditioned on the passage of the Settlement Approval Date.

4. **Release.**  Upon the Approval Date, each Plaintiff (on behalf of himself and his heirs, spouses, administrators, executors, assigns, and representatives) releases and forever discharges Flint Energy Services, Inc. and any of its parents, franchisors, subsidiaries, affiliates, predecessors, agents, employees, successors, heirs, spouses, administrators, executors, partners, assigns, representatives, or other persons or entities acting on its behalf from all legal or equitable claims arising prior to September 30, 2014 and alleging unpaid wages or overtime pay under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the Pennsylvania Minimum Wage Act, 43 P.S. §§ 333.101, *et seq.*, the Pennsylvania Wage Payment & Collection Law, 43 P.S. §§ 260.1, *et seq.*, or any other federal, state, or local statute, regulation, rule, or common law theory.

5. **Approval Motion.**  No later than 7 calendar days after the Opt-In Deadline, Plaintiffs' Counsel will file with the Court an unopposed motion seeking entry of an order approving the Settlement, pursuant to 29 U.S.C. § 216(b), as a fair, reasonable, and adequate resolution of a *bona fide* FLSA dispute.

6. **Notice to Potential Opt-In Plaintiffs.**  No later than 3 business days after the execution of this Agreement, (i) Defendant will provide to Plaintiffs' Counsel an Excel spreadsheet listing each Potential Opt-In Plaintiff's last known residential address and phone number and (ii) Plaintiffs' Counsel will file with the Court a motion seeking entry of an order

approving the Notice and Consent Forms and permitting the Notice Packages to be mailed to Potential Opt-In Plaintiffs.  No later than 2 business days after the Notice Approval Date, Plaintiffs' Counsel will mail the Notice Package to each Potential Opt-In Plaintiff.  If the Postal Service returns any Notice Package with a forwarding address, Plaintiffs' Counsel will promptly re-mail the Notice Package to the forwarding address.  If the Postal Service returns any Notice Package without a forwarding address, Plaintiffs' Counsel will make all good faith and reasonable efforts to obtain the Potential Opt-In Plaintiff's current mailing address and will promptly re-mail the Notice Package to any updated address.  Defendant will work in good faith to provide Plaintiffs' Counsel with information (not including social security numbers) reasonably necessary to assist Plaintiffs' Counsel in locating Potential Opt-In Plaintiffs.

7. **Payments to Current Plaintiffs.**  Within 21 calendar days after the Settlement Approval Date and contingent upon Defendant's receipt of each Plaintiff's completed and signed IRS W-4 Form, Defendant will deliver to Plaintiffs' Counsel payroll checks made payable to each Current Plaintiff in the gross amount of his Payout Amount, from which Defendant will withhold all applicable federal, state, and local taxes and withholdings ordinarily borne by employees pursuant to Defendant's ordinary payroll practices.  Any check uncashed 90 calendar days after the issuance will be void.  Defendant will mail to each Current Plaintiff an IRS W-2 Form reflecting his payment by January 31, 2017.  For the Current Plaintiffs, the IRS W-2 Form should be mailed to the following addresses: (i) Scott Harrison, 3001 Mountain Crest, Montoursville, PA  17754; (ii) Rodney Schmitzer, 79 West Bonanza Place, Parachute, CO 81635; and (iii) Ronald Fong, 610 Amarillo Avenue, Pahrump, NV  89048 unless a change in address is provided.

8. **Payments to Opt-In Plaintiffs.**  Other than Current Plaintiffs, only Opt-In

Plaintiffs are covered by this Settlement and eligible to recover a Payout Amount.  Plaintiffs' Counsel is responsible for promptly filing with the Court any Consent Form returned by a Potential Opt-In Plaintiff by the Opt-In Deadline.  Within 21 calendar days after the Settlement Approval Date and contingent upon Defendant's receipt of the Opt-In Plaintiff's completed IRS W-4 Form, Defendant will deliver to Plaintiffs' Counsel payroll checks made payable to each Opt-In Plaintiff in the gross amount of his Payout Amount, from which Defendant will withhold all applicable federal, state, and local taxes and withholdings ordinarily borne by employees pursuant to Defendant's ordinary payroll practices.  Any check uncashed 90 calendar days after its issuance will be void.  Defendant will mail to each Opt-In Plaintiff an IRS W-2 Form by January 31, 2017reflecting his payment.  The IRS W-2 Form should be mailed to the address listed on the Opt-In Plaintiff's IRS W-4 Form unless a change in address is provided.

9.   **Payment of Attorney's Fees and Expenses.**  Plaintiffs' Counsel will seek (and Defendant will not oppose) Court approval of fees and expenses of $102,500.00.  The Settlement is *not* contingent upon the Court's approval of this amount, although nothing herein prevents Plaintiffs' Counsel from appealing from a Court order reducing the requested attorney's fees.[1]  Within 21 calendar days after the Settlement Approval Date, contingent upon Defendant's receipt of Plaintiffs' Counsel completed and signed IRS W-9 Form, Defendant will deliver to Plaintiffs' Counsel a non-payroll check made payable to Plaintiffs' Counsel and equaling any Court-approved fees and expenses.  Defendant will mail to Plaintiffs' Counsel an IRS 1099 Form reflecting this payment.  Plaintiffs' Counsel is solely responsible for the payment of any taxes

---

[1]  If Court enters an order reducing the attorney's fees requested by Plaintiffs' Counsel and, within 2 business days of the entry of such order, Plaintiffs' Counsel informs Defendant of its intent to appeal from such order, the entire $102,500.00 will be held in escrow until the resolution of the appeal and the New Settlement Amount will be calculated as if the Court approved the entire $102,500.00.

associated with this payment.

10. **Extra Service Award Payment to Scott Harrison.**  Plaintiffs' Counsel will seek (and Defendant will not oppose) Court approval of a bonus service award to Scott Harrison in the amount of $5,000.00.  The Settlement is *not* contingent upon the Court's approval of this amount.  Within 21 calendar days after the Settlement Approval Date and contingent upon Defendant's receipt of the Mr. Harrison's completed and signed IRS W-9 Form, Defendant will deliver to Plaintiffs' Counsel a non-payroll check made payable to Scott Harrison and equaling any Court-approved service award.  Defendant will mail an IRS 1099 Form reflecting this payment to Scott Harrison at 3001 Mountain Crest, Montoursville, PA  17754.  Scott Harrison is solely responsible for the payment of any taxes associated with this payment.

11. **Entire Agreement.**  This Agreement embodies the entire agreement between the Parties with controls over any prior communications regarding the Settlement.  In entering into the Settlement, no Party has relied on any representations not explicitly contained in this Agreement.

12. **Successors.**  The Settlement and this Agreement will inure to the benefit of and be binding upon the Parties' heirs and successors.

13. **No Admissions.**  Nothing in this Agreement constitutes an admission or suggestion of liability by any Party.  Defendant denies any wrongdoing and continues to assert that, absent this Settlement, they ultimately would prevail in the Action.

14. **Court Approval Not Obtained.**  If the Court does not approve the Settlement, the Parties' litigation positions will return to the *status quo ante* and, for example, Defendant will not have waived, compromised, or impacted any objections or defenses to Plaintiff's claims or the propriety of class-wide litigation.

against any legal challenge.

16. **Warranty of Authority.** Each signatory to this Agreement warrants and represents that he/she is competent and authorized to enter into this Agreement on behalf of the Party that he/she purports to represent.

17. **Evidentiary Privilege.** This Agreement and all associated negotiations are covered by Federal Rule of Evidence 408.

18. **Applicable Law.** This Agreement is governed and construed pursuant to Pennsylvania law.

19. **Written Modifications.** This Agreement may not be modified except by a written agreement signed by all Parties and approved by the Court.

20. **Execution.** This Agreement may be executed in counterparts that, taken together, will constitute the entire Agreement.

**IN WITNESS WHEREOF**, and intending to be legally bound, the Parties execute this Agreement on the dates indicated below:


_____        _____
Scott Harrison                            Date


_____        _____
Ronald Fong                               Date

_____        _01/27/2016_
Rodney Schmitzer                          Date

_____        _1/27/16_
For Plaintiffs' Counsel                   Date


_____        _____
For Defendant                             Date

- 7 -

38521313v3 01/15/2016

15. **Duty to Defend.** The Parties and their counsel will support the Agreement against any legal challenge.

16. **Warranty of Authority.** Each signatory to this Agreement warrants and represents that he/she is competent and authorized to enter into this Agreement on behalf of the Party that he/she purports to represent.

17. **Evidentiary Privilege.** This Agreement and all associated negotiations are covered by Federal Rule of Evidence 408.

18. **Applicable Law.** This Agreement is governed and construed pursuant to Pennsylvania law.

19. **Written Modifications.** This Agreement may not be modified except by a written agreement signed by all Parties and approved by the Court.

20. **Execution.** This Agreement may be executed in counterparts that, taken together, will constitute the entire Agreement.

**IN WITNESS WHEREOF**, and intending to be legally bound, the Parties execute this Agreement on the dates indicated below:

_____  _____
Scott Harrison                Date
*/s/ Ronald M. Fong*          1/21/2016
_____  _____
Ronald Fong                   Date

_____  _____
Rodney Schmitzer              Date

_____  _____
For Plaintiffs' Counsel       Date

_____  _____
For Defendant                 Date

15. **Duty to Defend.** The Parties and their counsel will support the Agreement against any legal challenge.

16. **Warranty of Authority.** Each signatory to this Agreement warrants and represents that he/she is competent and authorized to enter into this Agreement on behalf of the Party that he/she purports to represent.

17. **Evidentiary Privilege.** This Agreement and all associated negotiations are covered by Federal Rule of Evidence 408.

18. **Applicable Law.** This Agreement is governed and construed pursuant to Pennsylvania law.

19. **Written Modifications.** This Agreement may not be modified except by a written agreement signed by all Parties and approved by the Court.

20. **Execution.** This Agreement may be executed in counterparts that, taken together, will constitute the entire Agreement.

**IN WITNESS WHEREOF**, and intending to be legally bound, the Parties execute this Agreement on the dates indicated below:

_____     1-20-2016
Scott Harrison                      Date

_____     _____
Ronald Fong                         Date

_____     _____
Rodney Schmitzer                    Date

_____     _____
For Plaintiffs' Counsel             Date

_____     _____
For Defendant                       Date

38521313v3 01/15/2016

15. **Duty to Defend.** The Parties and their counsel will support the Agreement against any legal challenge.

16. **Warranty of Authority.** Each signatory to this Agreement warrants and represents that he/she is competent and authorized to enter into this Agreement on behalf of the Party that he/she purports to represent.

17. **Evidentiary Privilege.** This Agreement and all associated negotiations are covered by Federal Rule of Evidence 408.

18. **Applicable Law.** This Agreement is governed and construed pursuant to Pennsylvania law.

19. **Written Modifications.** This Agreement may not be modified except by a written agreement signed by all Parties and approved by the Court.

20. **Execution.** This Agreement may be executed in counterparts that, taken together, will constitute the entire Agreement.

**IN WITNESS WHEREOF**, and intending to be legally bound, the Parties execute this Agreement on the dates indicated below:

_____     _____
Scott Harrison                     Date

_____     _____
Ronald Fong                        Date

_____     _____
Rodney Schmitzer                   Date

_____     _____
For Plaintiff's Counsel            Date

_____     1-26-2016
For Defendant  Mark Costello       Date
               General Mgr

_____  
For Defense Counsel

$\dfrac{1/27/2016}{\text{Date}}$

# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SCOTT HARRISON, *et al.* | : 4:15-cv-00962-MWB |
| v. | : |
| FLINT ENERGY SERVICES, INC. | : |

**TO:**   [*INSERT CLASS MEMBER NAME*]

## COLLECTIVE ACTION SETTLEMENT NOTICE

**IF YOU RECEIVED THIS NOTICE IN THE MAIL IN AN ENVELOPE ADDRESSED TO YOU, YOU ARE COVERED BY THE SETTLEMENT OF THIS COLLECTIVE ACTION LAWSUIT.**

**THE UNITED STATES DISTRICT COURT HAS AUTHORIZED THIS NOTICE, WHICH SUMMARIZES THE TERMS OF THE SETTLEMENT AND EXPLAINS YOUR RIGHTS UNDER THE SETTLEMENT.**

**PLEASE READ THIS DOCUMENT CAREFULLY.**

| 1. What is the Lawsuit about? |
|---|

The United States District Court for the Middle District of Pennsylvania ("Court") presides over this Lawsuit, which was filed in May 2015 by Scott Harrison ("Plaintiff") against Defendant Flint Energy Services, Inc. ("Flint").  The Lawsuit is assigned to The HonorableMatthew W. Brann, a federal judge, who sits in Williamsport, PA.

Plaintiff brings the Lawsuit as a "collective action" on behalf of himself and other former Truck Push employees.

The lawsuit challenges Flint's overtime pay practices during the time period between May 24, 2012 and September 30, 2014.  This time period is referred to as the "***Relevant Period***."  The Relevant Period begins on May 24, 2012 due to the applicable statute of limitations.  The Relevant Period ends on September 30, 2014 because that is when Flint stopped the payroll practice challenged in the Lawsuit.

During the Relevant Period, Flint paid you and other Truck Push employees on a "day-rate" basis and did not pay any extra overtime compensation for hours worked over 40 per week.  In the Lawsuit, Plaintiff contends that this practice violated federal and state overtime laws.  Flint disagrees and contends that the Truck Push position is "exempt" from the overtime laws.  The Court has never decided which side is correct.

| 2. | **What is a settlement and why am I getting this Notice?** |

Plaintiff and Flint have agreed to settle the Lawsuit.  A settlement is a compromise.  It allows the parties to avoid the costs and risks of further litigation and provides money to covered employees without significant delay.  In reaching this settlement, Flint does not admit violating any laws.

Under federal law, Judge Brann must review the settlement and decide whether it is fair.  The settlement will become final *only if* the Court approves the settlement.

According to Flint's payroll records, you worked as a "day-rate" Truck Push employee during the Relevant Period.  This makes you eligible to join the Lawsuit.  If you join the Lawsuit, release claims against Flint and the Court approves the settlement, you will receive a settlement payment.

This Notice describes the steps you must take to join the Lawsuit and be eligible to receive a settlement payment.

| 3. | **What does the settlement provide?** |

If the Court approves the settlement without making any alterations, Flint will make a total money payment of up to $410,000 to be distributed as follows:  **(i)** up to $302,500 will be shared by Plaintiff and other Truck Push employees who join the Lawsuit; **(ii)** $102,500 will be paid to Plaintiff's lawyers; and **(iii)** a $5,000 bonus will be paid to Plaintiff.

If you join the Lawsuit and the Court approves the settlement, you can expect to receive a payroll check in the gross amount of **$[*insert Payout Amount*]**.  Because this gross amount represents wages, it will be reduced to account for all payroll taxes and income tax withholding ordinarily incurred by employees.

Your individual payment amount has been determined based on the number of days during the Relevant Period in which you worked for Flint as a day-rate Truck Push employee.  In particular, according to Flint's payroll records, you worked a total of [*insert*] days as a day-rate Truck Push employee during the Relevant Period.  This equals [*insert*]% of the combined total of 3,647 days worked by *all* day-rate Truck Push employees during the Relevant Period.  Since you worked [*insert*]% of the 3,647 days, you are entitled to [*insert*]% of the $302,500.

Please call the law firm identified in Section 6 below if you have any questions about how your settlement payment is determined.

| 4. | **How do I join the Lawsuit and receive a settlement payment?** |

If you want to join the Lawsuit and receive a settlement payment, you must complete the enclosed "RELEASE AND CONSENT TO JOIN" form and return it to the law firm identified in Section 6 below.

2

In addition, you should complete and return the enclosed IRS W-4 Form. If the Court approves the settlement, this form will be necessary for the processing of your payroll check.

The forms must be returned in an envelope postmarked on or before [*insert date 42 calendar days after Notice Approval Date*]. A pre-addressed, postage-paid envelope is enclosed for your convenience.

You also may email the completed forms to pwinebrake@winebrakelaw.com or fax the completed form to (215) 884-2492. However, any email or fax must be sent on or before the [*insert date 42 calendar days after Notice Approval Date*] deadline. Also, if you return the form by email or fax, please call (215) 884-2491 to make sure the form is received.

| **5.** | **What do I give up by joining the Lawsuit and receiving a settlement payment?** |

If you complete and return the RELEASE AND CONSENT TO JOIN form by following the instructions in Section 4 above, you will release and forever discharge Flint and any of its parents, franchisors, subsidiaries, affiliates, predecessors, agents, employees, successors, heirs, spouses, administrators, executors, assigns, representatives, or other persons or entities acting on its behalf from all legal or equitable claims arising prior to September 30, 2014 and alleging unpaid wages or overtime pay under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the Pennsylvania Minimum Wage Act, 43 P.S. §§ 333.101, *et seq.*, the Pennsylvania Wage Payment & Collection Law, 43 P.S. §§ 260.1, *et seq.*, or any other federal, state, or local statute, regulation, rule, or common law theory.

If you currently are pursuing a legal claim against Flint or if you anticipate filing a future legal claim against Flint, you should consult with your attorney about this settlement and the impact this release may have on your current or anticipated legal claims.

| **6.** | **Who are my lawyers and how are they paid?** |

You are free to consult with or retain any lawyer of your choosing regarding the Lawsuit or the settlement.

If you complete and return the RELEASE AND CONSENT TO JOIN form and do not retain your own lawyer, you automatically will be represented by the law firm of **Winebrake & Santillo, LLC**, 715 Twining Road, Suite 211, Dresher, PA 19025 (Phone: 215-884-2491; Website: www.winebrakelaw.com).

Lawyers from the Winebrake & Santillo firm are available to answer your questions in strict confidence. If you call the firm, please identify yourself as a "Potential Plaintiff" in the "Flint Overtime Lawsuit" and ask to speak with one of the lawyers working on the case.

As stated in Section 3 above, the Winebrake & Santillo firm will request that the Court award it $102,500 in legal fees and expenses. This amounts to 25% of the total settlement fund.

The Winebrake & Santillo firm must accept any amount of fees and expenses approved by the

3

Court.  You will *not* pay any legal fees out of your individual settlement payment described in Section 3 above.

| **7.** | **What if I disagree with the settlement or do not want to participate?** |
|---|---|

You are not required to join the Lawsuit or participate in the settlement.  If you do nothing in response to this Notice, you will not be covered by the settlement and will not release any legal claims.

In addition, you have a right to inform Judge Brann of your views regarding the settlement.  For example, you might believe the settlement is unfair because it does not provide enough money or because too much money is going to the lawyers.  Or you might be happy with the settlement.  Regardless of your views, you are encouraged to make your feelings known.

If you want Judge Brann to consider your viewpoint when he decides whether or not approve the settlement, you should take one of the following steps:  **(i)** personally address the Judge at the approval hearing, which will take place on [*insert hearing date*], 2016 at [*insert time*] in Courtroom [*insert*] of the United States Courthouse, 240 West Third Street, Williamsport, PA; **(ii)** send a letter expressing your views to the Winebrake & Santillo form at the address listed in Section 6 above; or **(iii)** send an email expressing your views to pwinebrake@winebrakelaw.com.  Any letters or emails received before [*insert date falling two business days prior to hearing date*] will be provided to Judge Brann.

| **8.** | **How do I obtain more information?** |
|---|---|

This Notice summarizes the most important aspects of the proposed settlement.  You can obtain further information by calling the Winebrake & Santillo firm at (215) 884-2491.


Dated:  [*insert*]                                Approved:     Hon. Matthew M. Brann
                                                                United States District Court
                                                                Middle District of Pennsylvania

4

38520102v3 01/15/2016

# Exhibit B

# RELEASE AND CONSENT TO JOIN

*Scott Harrison v. Flint Energy Services, Inc., Case No. 4:15-cv-00962-MWB*
United States District Court, Middle District of Pennsylvania

As instructed in Section 4 of the accompanying "Collective Action Settlement Notice," please complete this Form and an IRS From W-4 and mail them (preferably in the enclosed envelope), fax them or email them so that they are postmarked or delivered no later than **[*insert date 42 calendar days after Notice Approval Date*]** to:

> **Flint Overtime Lawsuit**
> **c/o Winebrake & Santillo, LLC**
> **715 Twining Road, Suite 211**
> **Dresher, PA 19025**

**Your Name:** _____
**Print CLEARLY**

**Street/P.O. Box:** _____

**City/State/Zip:** _____

**Primary Phone:** _____

**Email Address:** _____

**Please read the following carefully.** You should contact the law firm of Winebrake & Santillo, LLC (215-884-2491) or any other attorney of your choice if you have any questions.

1. I have read the Collective Action Settlement Notice ("Notice") addressed to me and summarizing the settlement of this Lawsuit.

2. I consent and agree, pursuant to 29 U.S.C. § 216(b), to become a party to this Lawsuit and to be bound by all Court orders relating to the Lawsuit and the settlement of the Lawsuit.

3. I understand that the Lawsuit has been settled subject to Court approval. I desire to fully participate in the settlement and to receive my settlement payment in the amount as described in Section 3 of the Notice.

4. <u>I also am sending a completed and signed IRS Form W-4.</u>

5. I understand that, by signing and returning this form, I release and forever discharge Flint Energy Services, Inc. and any of its parents, franchisors, subsidiaries, affiliates, predecessors, agents, employees, successors, heirs, spouses, administrators, executors, partners, assigns, representatives, or other persons or entities acting on its behalf from all legal or equitable claims arising prior to September 30, 2014 and alleging unpaid wages or overtime pay under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the Pennsylvania Minimum Wage Act, 43 P.S. §§ 333.101, *et seq.*, the Pennsylvania Wage Payment & Collection Law, 43 P.S. §§ 260.1, *et seq.*, or any other federal, state, or local statute, regulation, rule, or common law theory.

_____         _____
**Date**                                                          **Signature**