IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SCOTT HARRISON, *et al.*

v.

FLINT ENERGY SERVICES, INC.

: 4:15-cv-00962-MWB
:
:
:
:
:

FILED
WILLIAMSPORT
APR 15 2016
PER_____
DEPUTY CLERK

**ORDER**

NOW, this 15-TH day of APRIL, 2016, upon consideration of Plaintiff's "Unopposed Motion for Approval of the Collective Action Settlement" (Doc. 32), the accompanying "Collective Action Settlement Agreement" ("Agreement") (Doc. 32-1), the accompanying Declaration of R. Andrew Santillo (Doc. 32-2), the supportive brief (Doc. 33), the representations of Plaintiffs' Counsel and Defense Counsel during the April 15, 2016 approval hearing, and all other papers and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The settlement of this collective action is **APPROVED** because it represents a fair and reasonable settlement of a *bona fide* dispute under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*

2. With respect the $302,500.00 payable to the collective, the Court finds that the following eight factors – as described in *Girsh v. Jepson*, 521 F.2d 153 (3d Cir. 1975) – weigh in favor of approval: (a) the complexity, expense and

likely duration of the litigation; (b) the reaction of the collective to the settlement; (c) the stage of the proceeding and the amount of the discovery completed; (d) the risks of establishing liability; (e) the risks of establishing damages; (f) the risks of maintaining the collective action through trial; (g) the range of reasonableness of the settlement fund in light of the best possible recovery; and (h) the range of reasonableness of the settlement fund in light of all the attendant risks of litigation.

3. The Court also approves the requested service award of $5,000.00 to Originating Plaintiff Scott Harrison. Such an award is justified in recognition of Originating Plaintiff's role in initiating this lawsuit and diligently pursuing his legal claims on behalf of the collective and falls well within the range of service awards approved in other wage/overtime class action lawsuits. *See Creed v. Benco Dental Supply Co.*, 2013 U.S. Dist. LEXIS 132911, *19-20 (M.D. Pa. Sept. 17, 2013) (citing cases).

4. The Court also approves the requested payment of $102,500.00 to Plaintiffs' Counsel for attorney's fees and expenses. The Court finds the $780.00 in expenses to be reasonable and necessary to the pursuit of this litigation and settlement. Moreover, the requested $101,720 attorney's fee recovery – which constitutes approximately 24.8% of the total $410,000.00 settlement fund and results in a 1.45 lodestar multiplier – is supported by the seven factors described in *Gunter v. Ridgewood Energy Corp.*, 223 F.3d 190, 193 n. 1 (3d Cir. 2000): (a) the

size of the fund created and the number of persons benefited; (b) the absence of objections by members of the class; (c) the skill and efficiency of the attorneys involved; (d) the complexity and duration of the litigation; (e) the risk of nonpayment; (f) the amount of time devoted to the case by plaintiffs' counsel; and (g) awards in similar cases.

5. This action is **DISMISSED WITH PREJUDICE**, although the Court will retain jurisdiction over the interpretation, enforcement, and implementation of the Settlement Agreement and this Order.

BY THE COURT:

Matthew W. Brann
United States District Judge